IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AGRI-PROCESS INNOVATIONS, INC.
and AP FABRICATIONS, LLC PLAINTIFFS

v. CASE NO. 4:08CV00558 BSM

GREENLINE INDUSTRIES, LLC DEFENDANT

**ORDER**

Pending before the court are defendant's Motion To Dismiss Or In The Alternative To Transfer Or Stay Plaintiffs' Substituted Complaint [Doc. # 6] and plaintiffs' response. For the reasons stated below, defendant's motion is denied.

I. BACKGROUND

Plaintiff Agri-Process Innovations, Inc. (API) is a corporation located in Arkansas that engages in the design and selling of biodiesel plants. Plaintiff AP Fabrications, LLC (APF) is a limited liability company that is a subsidiary of API. APF constructs biodiesel plants. Defendant Greenline Industries, LLC (Greenline) is a California based limited liability corporation that engages in the sale of biodiesel plants.

In 2004, API was hired by Patriot Biofuels to aid in the purchase of equipment for the construction of a biodiesel processing plant. Some time in 2005, API/APF made inquiries, on Patriot Biofuels behalf, into purchasing a biodiesel processing unit from Greenline. Patriot Biofuels, subsequently, purchased a processing unit from Greenline and hired API/APF to handle the construction and installation of the unit. Upon completion of the

Patriot Biofuels Project, Greenline and API/APF entered into a vendor's agreement that resulted in their collaboration on several projects related to the construction and installation of biodiesel processing plants designed by Greenline.

On February 27, 2008, API/APF filed a complaint entitled *Agri-Process Innovations, Inc., and AP Fabrications, LLC v. Greenline Industries, Inc.*, Case No. CV2008-28, in the Arkansas County, Arkansas, Circuit Court. In the complaint, API/APF alleged that Greenline had breached its contractual obligations under the vendor's agreement. On or about May 5, 2008, API/APF sent Greenline a letter terminating the contract between the parties. In the letter, API/APF allegedly made a claim to intellectual property allegedly owned by Greenline.

In reaction to API/APF's letter, Greenline filed a lawsuit entitled *Greenline Industries, Inc. v. Agri-Process Innovations, Inc., and AP Fabrications, LLC, f/k/a Greenline Fabrications LLC*, No. C 08-2438 CW, in the United States District Court for the Northern District of California on May 12, 2008. In its complaint, Greenline asserts the following claims for relief: (1) anticipatory breach of contract based on API/APF's purported termination of their contract; (2) misappropriation of trade secrets based on API/APF's false claims of ownership of Greenline's intellectual property; (3) false advertising in violation of the Lanham Act based on API/APF's false claims of ownership of Greenline's intellectual property in its marketing materials; and (4) an action for declaratory relief regarding Greenline's rights to and ownership of the copyrights of its designs.

On or about May 15, 2008, and before obtaining service of its original complaint, API/APF filed an Amended and Substituted Complaint in the Arkansas County Circuit Court and had Greenline served with the amended/substituted complaint. The amended/substituted complaint contains the following claims: (1) declaratory judgment that API's termination of the contract was effective; (2) declaratory judgment to determine API's rights to and ownership of the intellectual property; (3) an action for an accounting to determine the sums due under the contract; (4) breach of contract for amounts due under the contract at the time of the termination; and (5) breach of duty of good faith and fair dealing related to Greenline's performance and enforcement of the contract.

On June 10, 2008, API/APF filed a Motion To Dismiss Or Stay Greenline's case before the California court. In the alternative, API/APF sought to have the California case transferred to this court. Greenline had API/APF's state court action removed to this court on June 18, 2008. On July 1, 2008, Greenline filed a motion to dismiss in this court. In the motion, Greenline raised the same grounds that API/APF raised in their motion pending before the California court.

In an order dated July 28, 2008, the California court denied without prejudice API/APF's motion to stay or to transfer and API/APF's motion to dismiss for lack of standing. *Greenline Indus., Inc. v. Agri-Process Innovations, Inc., and AP Fabrications, LLC, f/k/a Greenline Fabrications LLC*, No. C 08-2438 CW, (N.D. Cal. July 28, 2008) (order). The California court also denied API/APF's motion for preliminary injunction. *Id*.

The California court found that API/APF's complaint was the first filed and decided that it would defer to this court for a decision on the appropriate forum and whether an exception to the first-filed rule exists. *Id*.

II. STANDARD FOR RULE 12(b)(3) MOTION

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may move to dismiss an action when the action is not filed in the proper venue. *Transocean Group Holdings Pty Ltd. v. South Dakota Soybean Processors, LLC.*, 505 F. Supp.2d 573, *575 (D. Minn. 2007). When reviewing a motion under Rule 12(b)(3), the district court applies the same standard used for other motions to dismiss. *Id*. The district court accepts the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, *590 (8th Cir. 2004); *Transocean*, 505 F. Supp.2d at *575. The moving party has the burden of establishing that venue is improper. *Transocean*, 505 F. Supp.2d at *575.

III. DISCUSSION

A. <u>Standing</u>

In opposition to Greenline's motion to dismiss, API/APF assert that Greenline lacks standing. The question of standing concerns whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. *Warth v. Seldin*, 422 U.S. 490, *498, 95 S. Ct. 2197, *2205, 45 L. Ed. 2d 343 (1975). If a litigant lacks standing, a court is without

subject-matter jurisdiction. *South Dakota Farm Bureau, Inc. v. Hazeltine*, 340 F.3d 583, *591 (8th Cir. 2003). Whether a court has subject-matter jurisdiction is an issue that any party or the court may raise at any time. *Id*. To establish standing, the party who invokes the federal court's authority must show: (1) he/she has suffered an injury in fact, meaning that the injury is (a) concrete and particularized and (b) actual or imminent not conjectural or hypothetical; (2) the injury is traceable to the challenged conduct; (3) the injury likely will be redressed by a favorable decision from the court. *South Dakota Farm Bureau*, 340 F.3d at *591; *International Ass'n of Firefighters of St. Louis v. City of Ferguson*, 283 F.3d 969, *973 (8th Cir. 2002)*; Ben Oehrleins & Sons & Daughter Inc. v. Hennepin County*, 115 F.3d 1372, *1378 (8th Cir. 1997).

Even if a plaintiff meets the minimal constitutional requirements for standing, there are prudential limits on a court's exercise of jurisdiction. *Ben Oehrleins*, 115 F.3d at *1378. These prudential limits are judicially imposed and are founded in concerns about the proper and properly limited role of the courts in a democratic society. *Id*. One such prudential limit is that a party ordinarily must assert his or her own legal rights and interests, and cannot rest his/her claim to relief on the legal rights or interest of third parties. *International Ass'n of Firefighters*, 283 F.3d at *973; *see South Dakota Farm Bureau*, 340 F.3d at *591; *Ben Oehrleins*, 115 F.3d at *1379-80.

API/APF's standing argument centers around the fact that the present case involves Greenline Industries, LLC and the California case involves Greenline Industries, Inc. They

submit evidence, filings from Delaware and California, showing that Greenline Industries, Inc. was incorporated in March 2008. They believe that the two suits involve separate and distinct entities.

Greenline points out that in the May 5, 2008 letter terminating the parties agreement, API/APF referred to Greenline as Greenline Industries, Inc. Furthermore, in a footnote in its July 28, 2008 order, the California court acknowledged that Greenline Industries Inc. was not incorporated until March 5, 2008.*Greenline Indus., Inc. v. Agri-Process Innovations, Inc., and AP Fabrications, LLC, f/k/a Greenline Fabrications LLC*, No. C 08-2438 CW, (N.D. Cal. July 28, 2008) (order). The court also found that prior to that date, Greenline Industries, Inc. may have conducted business as Greenline Industries, LLC. *Id*. The court denied API/APF's motion to dismiss for lack of standing, finding that Greenline Industries, Inc. had standing to pursue the intellectual property claims and could later amend its complaint to include allegations to establish standing to pursue the breach of contract claim.

In light of the May 5, 2008, letter from API/APF addressed to Greenline Industries, Inc., it appears that prior to the incorporation of Greenline Industries Inc., the parties used the names Greenline Industries, LLC and Greenline Industries, Inc. interchangeably. The court, therefore, finds that Greenline Industries, LLC has standing.

B. First to File

The parties agree that the first-filed rule governs the disposition of Greenline's motion to dismiss. API/APF argues that its lawsuit filed in Arkansas on February 27, 2008, and

removed to this court on June 18, 2008, was the first filed. Greenline, on the other hand, argues that its lawsuit filed in California on May 12, 2008, was the first filed.

It is well settled that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, *1005 (8th Cir. 1993); *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, *121 (8th Cir. 1985); *Williston Basin Interstate Pipeline Co. v. Sheehan Pipe Line Const. Co.*, 316 F. Supp. 2d 864, *867 (D. N.D. 2004); *Northwest Airlines, Inc. v. Filipas*, Civ. No. 07-4803 (JNE/JJG) (D. Minn. Apr. 15, 2008) (order); *Marietta Campbell Ins. Group, LLC v. Jefferson-Pilot Life Ins. Co.*, Civil NO. 2:07-cv-32 (D. N.D. Oct. 26, 2007) (amended order). This first-filed rule is not intended to be rigid, mechanical or inflexible, but is to be applied in a manner best serving the interests of justice. *Boatmen's First Nat'l Bank of Kansas City v. Kansas Pub. Employees Ret. Sys.*, 57 F.3d 638, *641 (8th Cir. 1995); *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d at *1005. The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply. *Boatman's*, 57 F.3d at *641; *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d at *1005; *General Comm. of Adjustment GO-386 v. Burlington N. R.R.*, 895 F. Supp. 249, *251 (E.D. Mo. 1995).

The Eighth Circuit has not clearly and specifically stated what constitutes attachment of jurisdiction. *Marietta Campbell Ins. Group, LLC v. Jefferson-Pilot Life Ins. Co.*, Civil NO. 2:07-cv-32 (D. N.D. Oct. 26, 2007) (amended order). When discussing the first-filed

rule, however, the Eighth Circuit has referenced the date of filing as opposed to the date of service. *Williston*, 316 F. Supp.2d at *867.

Greenline argues that API/APF's original complaint is a nullity because it was not served. The Rules of Civil Procedure provide that a plaintiff has to serve the complaint upon the defendant within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m); Ark. R. Civ. P. 4(i). In the present case, prior to the expiration of the 120 day period, API/APF filed their amended/substituted complaint and served it upon Greenline. An amended complaint renders the original complaint without legal effect. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, *1067 (8th Cir. 2000); *Depain v. Bradburn*, ___ Ark. ___, ___ S.W.3d ___ (Feb. 7, 2008); *James v. Williams*, 372 Ark. 82, ___ S.W.3d ___ (Jan. 10, 2008).

Under Rule 15 of the Federal Rules of Civil Procedure and the Arkansas Rules of Civil Procedure, an amended complaint will relate back to the date of the original complaint when the claim in the amended complaint arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original compliant. Fed. R. Civ. P. 15(c)(1)(B); Ark. R. Civ. P. 15(c). Here, the single claim of breach of contract, contained in API/APF's original complaint, arises out of the vendor's agreement that existed between the parties. The claims in API/APF's amended/substituted complaint also arise out of the vendor's agreement. The amended/substituted compliant will, therefore, receive the benefit of the original complaint's February 27, 2008 filing date. However, because API/APF's case was not removed to this court until June 18, 2008, a question arises as to when this court's

jurisdiction attached. Was it on the day that API/APF filed their complaint in state court or was it on the date that Greenline had the case removed to this court? It has been held that in such instances the state court filing date is the relevant benchmark. *Feinstein v. Brown*, 304 F. Supp. 2d 279, *282 (D.R.I. 2004); *Manufactures Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, *166 (S.D. N. Y. 1992). Accordingly, this court's jurisdiction attached on February 27, 2008. The California court's jurisdiction did not attach until May 12, 2008, thus making the Arkansas case the first-filed case.

Greenline agrees that the amended/substituted complaint raises claims that are substantially similar to the claims contained in the California case. The only questions that remain are whether compelling circumstances exist that will support a departure from applying the first-filed rule and whether an exception to the first-filed rule exists.

The Eighth Circuit has identified certain red flags that the district court should consider in determining whether a departure from rigid application of the first-filed rule is appropriate in a particular case. *Northwest Airlines, Inc. v. Filipas*, Civ. No. 07-4803 (JNE/JJG), (D. Minn. Apr. 15, 2008) (order). The first red flag is whether the first filer had notice of the second filer's intention to file suit, and therefore raced to the courthouse to be first. *Id.*; *see Boatmen's*, 57 F.3d at *641; *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d at *1007. The court looks at the relative timing of the actions and any delay by either party to determine if the second-filed lawsuit was not truly contemplated until after the first action was filed. *Northwest Airlines, Inc. v. Filipas*, Civ. No. 07-4803 (JNE/JJG) (D. Minn.

Apr. 15, 2008) (order). The second red flag is whether the first-filed action is merely for declaratory judgment, suggesting that it is a preemptive strike rather than a suit for damages or equitable relief. *Id.*; *see Boatmen's*, 57 F.3d at *641; *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d at *1007.

There are no compelling circumstances justifying a departure from applying the first-filed rule. First, the evidence does not suggest that API/APF had notice of Greenline's intent to sue. Their suit was filed well in advance of Greenline's and more importantly, at the time that Greenline filed its lawsuit, it had no idea that an action had been commenced against it by API/APF in the Arkansas state court. Second, the evidence fails to suggest that API/APF's lawsuit was a preemptive strike.

Exceptions to the first-filed rule have been found in circumstances involving inequitable conduct, bad faith, anticipatory suit, or forum shopping. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, *628 (9th Cir. 1991); *Gibson Guitar Corp. v. Wal-Mart Stores, Inc.*, No. 3:08cv0279, (M.D. Tenn. Aug. 8, 2008) (memorandum opinion). Greenline alleges that API/APF's original complaint was filed in bad faith. An action is brought in bad faith when the claims are entirely without color and the claims are asserted wantonly, for purposes of harassment or delay, or for other improper purposes. *See Medtronic, Inc. v. Mine Safety Appliances Co.*, 468 F. Supp. 1132, *1148 (D. C. Minn. 1979).

Greenline asserts that, at the time that API/APF's original complaint was filed, the attorney who filed the original complaint also represented both Greenline and API/APF in

an unrelated Missouri case filed against a third party. This conduct fails to establish that API/APF's complaint was filed in bad faith. Furthermore, this court is not the appropriate forum for addressing the actions taken by the attorney who filed the original complaint.

Greenline also alleges that API/APF has engaged in forum shopping. Forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances his action or where a party seeks to manipulate procedural devices to secure an advantage which, were those devices not available, it could not employ those devices to defeat its opponent's choice of forum. *See BBC Intern. Ltd. v. Lumino Designs, Inc.*, 441 F. Supp. 2d 438, *444 (E.D.N.Y. 2006); *Tharo Sys., Inc. v. cab Produckttechnik GmbH & Co., KG*, NO. 1:07-cv-00423 (N.D. Ohio Nov. 9, 2007) (memorandum opinion and order). The court finds that API/APF have not engaged in forum shopping. Accordingly, there are no exceptions that will support a departure from applying the first-filed rule.

## IV. CONCLUSION

After viewing the evidence in a light most favorable to API/APF, the court finds that API/APF's complaint was the first-filed. Greenline fails to show that this court is not the proper venue to hear the present dispute between the parties. Greenline's motion to dismiss or in the alternative to transfer or stay API/APF's amended/substituted complaint [Doc. #6] is denied.

IT IS SO ORDERED this 4th day of September, 2008.

UNITED STATES DISTRICT JUDGE