**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| **AGRI-PROCESS INNOVATIONS, INC.** <br> **and AP FABRICATIONS, LLC** | **PLAINTIFFS** |
| v. | **CASE NO. 4:08CV00558 BSM** |
| **GREENLINE INDUSTRIES, LLC** | **DEFENDANT** |
| **GREENLINE INDUSTRIES, LLC and** <br> **GREENLINE INDUSTRIES, INC.** | **COUNTERCLAIM-PLAINTIFFS** |
| v. | |
| **AGRI-PROCESS INNOVATIONS, INC.** <br> **and AP FABRICATIONS, LLC (f/k/a** <br> **GREENLINE FABRICATIONS, LLC)** | **COUNTERCLAIM-DEFENDANTS** |

**ORDER**

Pending before the court is the motion to compel and for sanctions [Doc. No. 44] of plaintiffs/counterclaim defendants Agri-Process Innovations, Inc. and AP Fabrications, LLC (collectively "API") against defendant/counter plaintiff Greenline Industries, LLC ("Greenline"). The court has read the transcript of the attempted Rule 30(b)(6) deposition of Michael Brown and has reviewed the DVD of the attempted deposition of Jacques Sinoncelli, and finds that API's motion is well taken and should be granted. Indeed, the court finds that the deponents, with the assistance of Greenline's counsel, flatly refused to provide adequate responses to simple and relevant questions. For example, in the videotaped deposition of Sinoncelli, the following exchange typifies the entire deposition.

At 9:36:24:

| | |
|---|---|
| API'S COUNSEL: | Are you familiar with this document sir? [referring to Exhibit 1] |
| SINONCELLI: | [A]gain, your question is ambiguous. What do you mean by familiar? |
| API'S COUNSEL: | [D]oes this document bear your signature? |
| SINONCELLI: | No it does not. [The witness is shown his signature on the document] This page does. |
| API'S COUNSEL: | Were you one of the individuals involved in negotiating this ownership transfer and vendor agreement? [referring to Exhibit 1] |
| SINONCELLI: | I am not understanding your definition of negotiating. |
| API'S COUNSEL: | My question stands. Would you answer it sir? |
| GREENLINE'S COUNSEL: | [Interposes the objection] "asked and answered." |
| SINONCELLI: | I've answered it. |
| API'S COUNSEL: | Prior to this agreement being entered into, were you a partial owner in what was then known as Greenline Fabrications, LLC? |
| SINONCELLI: | Are you speaking of, what is your definition of year? Are you speaking personally? |
| API'S COUNSEL: | Yes sir. |
| SINONCELLI: | Um ... I actually don't remember the assignment that was within Greenline Fabrications. Um ... um... so, what was the name again of the company? |

-2-

| | | |
|---|---|---|
| API'S COUNSEL: | | Greenline Fabrications, LLC. |
| SINONCELLI: | | Yes.  I don't recall accurately who were the constituents ... [.] |

At 9:39:10:

| | | |
|---|---|---|
| API'S COUNSEL: | | Are you familiar with this agreement and its provisions? [referring to Exhibit 1] |
| GREENLINE'S COUNSEL: | | Objection.  Asked and answered. |
| SINONCELLI: | | I have answered that question. |
| API'S COUNSEL: | | Sir, would you agree with me that under the ownership transfer and vendor agreement, which is in front of you as Exhibit 1, and which contains your signature, design changes were to be at the cost of Greenline Industries? |
| GREENLINE'S COUNSEL: | | Objection, calls for a legal conclusion. |
| SINONCELLI: | | Absolutely. |

At 9:41:57:

| | | |
|---|---|---|
| API'S COUNSEL: | | Did you have any involvement whatsoever in the negotiation of this document? [referring to the same Exhibit 1] |
| GREENLINE'S COUNSEL: | | Objection.  Asked and answered. |
| SINONCELLI: | | I have answered the question. |
| API'S COUNSEL: | | Please answer. |
| SINONCELLI: | | What is your definition of involvement?  It is vague and ambiguous. |
| API'S COUNSEL: | | I will stand with my question.  Sir, would you please answer it? |
| SINONCELLI: | | I have already answered the question, Mr. James. |

Despite the position taken by a handful of practitioners and their clients, discovery is not a game. Discovery is key to the judicial system because it allows litigants to determine what the evidence is before going to trial, so that parties to litigation are not blind-sided when they enter the courtroom. This is extremely important because it promotes fairness and helps lead to a positive image of the judicial system. For these reasons, deposition witnesses must fully answer questions and not engage in interrogatory jujitsu in which they chop up each question in an attempt to avoid answering it. Moreover, this type of behavior should not be encouraged by licensed lawyers, who are the gatekeepers of the judicial system.

The court, therefore, grants API's motion to compel and for sanctions and grants the following relief:

1. The deposition of Jacques Sinoncelli shall be reconvened in Little Rock, Arkansas, at a time convenient to API and Mr. Sinoncelli is instructed to answer fully, without the assistance of counsel, the questions that he is asked;

2. Greenline is ordered to designated and make available the 30(b)(6) representatives necessary to respond to all of API's deposition questions. The 30(b)(6) depositions shall reconvene in Little Rock, Arkansas, at a time convenient to API;

3. The parties shall provide the court with the dates and times that the depositions will take place;

4. The parties are ordered to refrain from making any objections during the depositions that would suggest the responses to be provided by the deponents; and

5. API's request for attorney's fees and costs is granted and API has thirty days in which to file its petition for fees and costs.

IT IS SO ORDERED this 4th day of February, 2009.

                                                        UNITED STATES DISTRICT JUDGE